(52 Misc. Rep. 561)

### JONES v. MORRISON SHIRT WAIST CO.

(Supreme Court, Appellate Term.   February 11, 1907.)

**1. CONTINUANCE—ABSENCE OF COUNSEL—DISCRETION OF COURT.**

Where an application for the postponement of a case was made on the ground that the party's attorney was out of town without giving any reason as to the necessity for his absence, it was not error to decline to grant a postponement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, §§ 51–57.]

**2. JUDGMENT—MOTION TO OPEN DEFAULT—EVIDENCE—SUFFICIENCY.**

Evidence on a motion to open a default judgment on the ground that it was taken contrary to an alleged agreement of counsel for a postponement of the case examined, and *held* to sustain the order of the justice denying the motion.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Samuel Jones against the Morrison Shirt Waist Company, for wages. From an order denying defendant's motion to open a default judgment taken against him, he appeals. Order affirmed, unless defendant pays the costs of this appeal and $10 costs of motion in the court below within 10 days, and stipulates to try the case when reached upon the Municipal Court calendar. Appeal from judgment dismissed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Gustavus A. Rogers, for appellant.

Van Dernoot & Kiely, for respondent.

PER CURIAM. This is an appeal from an order of the Municipal Court denying defendant's motion to open a default taken against him on the 10th day of September, 1906. The action was brought to recover the sum of $100 claimed to be due the plaintiff as wages earned by him while in the employ of the defendant. Upon the return day of the summons the case was adjourned from August 24 to September 10, 1906, for trial. Upon the adjourned day the defendant appeared by an attorney associated in business with the defendant's attorney and made an application for a postponement of the case. This request was opposed by the plaintiff's attorney and denied by the trial judge, whereupon the defendant made no further appearance, and an inquest was taken and judgment rendered in favor of the plaintiff. The defendant's application was not based upon any legal ground which would have entitled him to an adjournment as a matter of legal right (section 194, Municipal Court Act, Laws 1902, p. 1547, c. 580) ; but as appears by the opinion of the learned trial judge, as well as by the affidavits used in support of the motion, was a statement, by the person appearing and asking for the postponement, to the effect that the defendant's attorney was out of town, without giving any reason as to the necessity for such absence. It is clear, therefore, that the trial justice was fully justified in refusing the adjournment.

It now remains to be seen whether the defendant's attorney has satisfactorily excused his default. He testifies in substance that on Friday, September 10th, the plaintiff's attorney telephoned to him, asking if the

defendant would be ready for trial on September 10th, at the same time informing him (defendant's attorney) that he (plaintiff's attorney) would be ready; that the defendant's attorney replied that he had arranged to go out of town on that day, to which plaintiff's attorney replied that he would consent that the trial of the case be put down for Wednesday, September 12th, if the cause could be set down "peremptorily" for that day; that the defendant's attorney stated to plaintiff's attorney that defendant's witnesses were ready to go on with the trial on September 10th, but that they had been told that on account of the proposed absence of defendant's attorney he would not be ready; and that, if plaintiff's counsel would consent to adjourn the case until September 12th, he (defendant's attorney) would "endeavor to try the case on that day, unless an adjournment was inevitable," and to this the plaintiff's counsel replied that he would not interpose any objection if the case was set down for the 12th. The defendant's attorney then says:

"I therefore relied upon what I thought was his tacit, if not direct, consent that the case would not be tried on Monday, the 10th, and went out of town."

The statement in the affidavit of the defendant's attorney that the plaintiff's attorney said "that he would not interpose any objection to the case being adjourned until the 12th" is vigorously denied in an affidavit filed by the plaintiff's attorney, so that substantially the question before this court is as to whether or not the trial justice, in his denial of the defendant's motion to open his default, based upon the statement in the affidavit of the defendant's attorney to the effect that the plaintiff's attorney had, in a conversation had between attorneys over the telephone, tacitly or directly consented to interpose no objection to defendant's application for a postponement of the trial of the cause for two days, which statement is denied by the positive and unequivocal sworn statement in the affidavit of plaintiff's attorney that no such statement was made or consent given by him, committed such error as to warrant a reversal of his order. The mere statement of such a proposition carries with it the answer. The alleged conversation between the attorneys was had upon the 7th of September. Ordinary care for the protection of a client's interests should have prompted the defendant's attorney to have secured a written stipulation from the plaintiff's attorney regarding the proposed adjournment to be had on the 10th, especially as not the slightest reason for such adjournment is given, except that the pleasure of the attorney would be enhanced by attending a political picnic upon the 10th, instead of trying the cause, in which the defendant and his witnesses were concededly ready. Defaults, especially in Municipal Courts, have come to be regarded as of little importance. There have been many instances where defendants, after having postponed the trial of a cause as many times as possible, then have deliberately suffered a default, with the intent to move to open the same, and, in the event of a denial of such motion, to appeal therefrom, trusting to the well-known inclination of appellate courts to permit the defendant "to have his day in court," thus relieving the defendant from the effect of his own willful act and by the

payment of a few dollars costs obtain the much-coveted delay. "Such practice has lowered respect for and injured the administration of justice, and is also a wrong to diligent attorneys and litigants who conform to the rules of the court." Herbert Land Co. v. Lorenzen, 113 App. Div. 802, 99 N. Y. Supp. 937.

The defendant in the case at bar submitted an affidavit of merits on the motion, and an affidavit of its president to the effect that the plaintiff's claim is not a meritorious one, that the defendant is not indebted to the plaintiff for the services for which he sues, that a suit for several thousand dollars arising out of the contract between the parties is threatened, and that the result of this action would have a material bearing upon the other action which might be brought. In view of these circumstances, an absolute affirmation of the order might work serious injury to the interests of the defendant. The terms upon which the court below could relieve the defendant were not sufficiently onerous, however, and this is undoubtedly the reason the motion was not granted therein.

The order will therefore be affirmed, with costs, unless the defendant pays the costs of this appeal and $10 costs of motion in the court below within 10 days, and stipulates to try the case when reached upon the Municipal Court calendar. Appeal from judgment dismissed.